IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 1 8 2006

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06-50048-001 |
| | ) | |
| ARKANSAS PATIENT TRANSFER, INC. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(2) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNT OF CONVICTION AND WAIVER OF INDICTMENT

1. The defendant, ARKANSAS PATIENT TRANSFER, INC., hereby agrees to plead guilty to a One Count Information and it acknowledges having been provided a copy of the proposed Information. The defendant agrees to waive filing of an Indictment and waives presentment of the case to the Grand Jury. The United States shall file the One Count Information which charges the defendant with violating 18 U.S.C. § 1347.

### ADVICE OF RIGHTS

2. The defendant hereby acknowledges that it has been advised of its legal rights. Further, the defendant agrees that it fully understands its right:

      a.      to have an attorney;

      b.      to persist in a plea of not guilty;

c.    to have a speedy and public trial by jury;

d.    to be presumed innocent until proven guilty beyond a reasonable doubt;

e.    to confront and examine witnesses who testify against it;

f.    to call witnesses on its behalf;

g.    to have at least 30 days to prepare for trial; and

h.    to have the case presented to a Grand Jury prior to charges being filed.

## WAIVER OF RIGHTS

3. The defendant hereby acknowledges that it understands with respect to each count to which it pleads guilty, it thereby WAIVES all of the rights listed as (b) through (h) of paragraph 2.

## STIPULATION OF FACTS

4. The parties stipulate and agree as follows:

(a) The defendant, ARKANSAS PATIENT TRANSFER, INC. , is a corporation in the business of operating an ambulance service in Northwest Arkansas. The Medicare program, established by the Social Security Act (42 U.S.C. 301, et seq.) provides medical insurance benefits to individuals who are entitled to Social Security benefits. Medicare is a federal health care program which provides health benefits funded by the United States Government. The Medicare Program in Arkansas is administered by Arkansas Blue Cross and Blue Shield, Inc. which pursuant to contract with the United States Department of Health and Human Services, serves as Medicare Part B carrier to receive, adjudicate, and pay Medicare Part

B claims submitted to it on behalf of Medicare beneficiaries from health care providers such as ARKANSAS PATIENT TRANSFER, INC.

(b)  When a provider of ambulance services such as ARKANSAS PATIENT TRANSFER, INC. provides ambulance transportation service to an eligible Medicare recipient, Medicare Part B compensates the provider for this service if transportation of the recipient by ambulance is medically necessary, that is, if other means of transportation would endanger the beneficiary's health.  In order to determine whether ambulance services are medically necessary, Arkansas Blue Cross and Blue Shield relies upon the information transmitted to it by the provider.  Arkansas Blue Cross and Blue Shield would sometimes require a "Certificate of Medical Necessity" be provided in order to determine if a patient's claim was "medically necessary."  An employee or agent of ARKANSAS PATIENT TRANSFER, INC., would obtain these certificates from doctor's offices and would sometimes change them to indicate that the patient did need to be transported by ambulance.  The President of ARKANSAS PATIENT TRANSFER, INC., Debra J. Drummond, was aware that billing was being done when the "Certificates of Medical Necessity" had not been received.  She was also aware that sometimes "Certificates of Medical Necessity" were submitted to Arkansas Blue Cross and Blue Shield which had been materially altered after receipt from the physician.

(c)  TRICARE is the Department of Defense health care program for active duty and retired members of the uniformed services, their families, and survivors. TRICARE compensates the provider for ambulance transportation service to eligible TRICARE beneficiaries if the transportation is medically necessary and when needed for a medical condition covered by

-3-

TRICARE. TRICARE is a federal health care program which provides health benefits funded by the United States Government.

(d) From on or about August 1, 2001, the exact date being unknown, and continuing up to and through on or about December 15, 2002, in the Western District of Arkansas, the defendant, ARKANSAS PATIENT TRANSFER, INC., did knowingly and willfully execute a scheme to defraud a health care benefits program, that is, Medicare and TRICARE, in violation of 18 U.S.C. § 1347. Pursuant to the scheme, the defendant, ARKANSAS PATIENT TRANSFER, INC., acting by and through its officers, employees and agents, did transport patients whose transportation by ambulance was not medically necessary and was not subject to reimbursement by Medicare or TRICARE. Knowing that such transportation was not medically necessary and therefore, not reimbursable, the defendant, ARKANSAS PATIENT TRANSFER, INC., acting by and through its officers, employees and agents, did cause to be submitted to Medicare and TRICARE claims in order to receive payment for said ambulance transportation. As a result of the submission of these claims, Medicare and TRICARE paid for ambulance transportation that was not medically necessary and not reimbursable when the defendant knew that such transportation was not reimbursable.

(e) The parties stipulate that the total loss from all of the criminal conduct set forth in the Information 4(a) through (d) is $42,000.00.

## WAIVER OF STATUTE OF LIMITATIONS

5. The defendant, ARKANSAS PATIENT TRANSFER, INC., acknowledges that it is aware of the fact that it is entitled to a Speedy Trial and to have charges brought within the applicable statute of limitations. On March 6, 2006, the defendant signed an agreement that

-4-

provided that it waived the statute of limitations and/or speedy trial for any charges that could have been brought against it on March 6, 2006, for a period of two months. The defendant has also signed additional waivers, agreeing to additional extensions to November 6, 2006. The defendant now agrees that in the event its plea of guilty pursuant to this plea agreement is withdrawn prior to sentencing, that it consents to any delay in bringing charges from March 6, 2006, until two months after any such withdrawal is approved by this Court and waives any defense to such prosecution on the ground that such delay operated to deny its rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations. The defendant acknowledges the terms of this paragraph create no right to withdraw the guilty plea.

**WAIVER OF ACCESS TO RECORDS**

6. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**WAIVER OF "HYDE" CLAIM**

7. The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

-5-

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

8.  By signing this agreement, the defendant acknowledges that it has been advised of its rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.  If the defendant should breach any provision of this plea agreement, it hereby agrees that said breach operates as a WAIVER of its rights under Rule 11(f) and Rule 410.  Upon defendant's breach of any provision of this agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a.  admissions against interest, both oral and written, made by officers, employees, and agents on behalf of the defendant to any person;

    b.  statements made by officers, employees, and agents on behalf of the defendant during its change of plea hearing;

    c.  the factual basis used at the change of plea hearing;

    d.  any and all physical evidence of any kind which the defendant has provided to the government; and,

    e.  any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

9.  If the defendant is found to be in breach of this plea agreement, it is further agreed that the government may move to reinstate dismissed charges, the government may pursue additional charges, and the government shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## MAXIMUM PENALTIES

10.  The defendant hereby acknowledges that it has been advised of the maximum penalties for the count to which it is pleading guilty.  By entering a plea of guilty to the one count information, the defendant agrees that it faces:

> a.      a maximum fine of $500,000;
>
> b.      a term of probation;
>
> c.      payment of restitution; and
>
> d.      a special assessment of $400.00.

## NO OTHER CHARGES

11.  The government agrees that no other federal criminal charges, which stem from the activities described in the indictment, will be brought against the defendant in the Western District of Arkansas.  The United States and/or any of its agencies and departments does not waive any rights concerning Administrative Actions and/or Civil Proceedings.  The defendant acknowledges that the United States and/or any of its agencies and departments may bring actions against it seeking civil remedies and/or administrative remedies whether directly, indirectly or not related to the charges contained in the information.

## GUIDELINES APPLICABILITY

12.      The parties acknowledge that the Court must consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range of punishment.

## AGREEMENT DOES NOT PROMISE
## A SPECIFIC SENTENCE

13.  The defendant acknowledges that discussions have taken place concerning the
possible guideline range which might be applicable to this case.  The defendant agrees that any
discussions merely attempt to guess at what appears to be the correct guideline range and do not
bind the district court.  Further, the defendant acknowledges that the actual range may be greater
than contemplated by the parties.  In the event that the actual guideline range is greater than the
parties expected, the defendant agrees that this does not give it the right to withdraw its plea of
guilty.

### RELEVANT CONDUCT CONSIDERED

14.  At the sentencing hearing, the government will be permitted to bring to the Court's
attention, and the Court will be permitted to consider, all relevant information with respect to
defendant's background, character and conduct, including the conduct that is the subject of this
investigation for which it has not been charged up to the date of this Agreement, and/or which is
the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by
§ 1B1.3 of the Sentencing Guidelines.

### RESTITUTION

15.     The Court can order the defendant to pay restitution for the full loss caused by its
conduct set forth above.  The defendant agrees the Court's consideration of the amount of
restitution shall **NOT** be limited to the amounts alleged in the count to which the defendant is
pleading guilty, and may include stipulated amounts as set forth below pursuant to Title 18,

-8-

U.S.C. § 3663. The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

16.  Upon demand, the defendant shall submit a personal financial statement under oath and/or submit to interviews by the United States Probation Office and/or the United States Attorney's Office regarding its capacity to satisfy any fines and/or restitution.

## PERJURY

17.  In the event it is determined that the defendant has not been truthful with the Court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

18.  The government agrees not to object to a finding by the probation office or a ruling of the Court which awards the defendant a decrease in the base offense level for acceptance of responsibility.

19.  The government agrees to advise the probation office and the Court of the extent and nature of the defendant's cooperation.

## GOVERNMENT'S RESERVATION OF RIGHTS

20.  Although the government agrees not to object to certain findings by the probation office or to rulings of the Court, it reserves the right to:

   a.   make all facts known to the probation office and to the Court;

   b.   call witnesses and introduce evidence in support of the Presentence Report;

-9-

c.      contest and appeal any finding of fact or application of the Sentencing Guidelines;

d.      defend the rulings of the district court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations

e.      make a recommendation that the sentence be within the Guideline Range.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

21. The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the defendant's requests or recommendations for certain findings of fact or applications of the guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

22. The parties agree that nothing in this agreement binds the district court to:

a.      make any specific finding of fact;

b.      make any particular application of the Sentencing Guidelines;

c.      hand down any specific sentence;

d.      accept this plea agreement.

23. The government and the defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

24. The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

25.  The defendant agrees that it will pay $400 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT
## AND DEFENSE COUNSEL

26.  The defendant and its attorney state hereby that neither one of them has been subjected to any threats or coercion which have induced the defendant to change its plea to guilty.  Further, the defendant and its attorney acknowledge that the defendant's desire to change its plea to guilty is not the result of threats or coercion directed at anyone connected with them.

27.  By signing this plea agreement, counsel for the defendant acknowledges that:

    a.    he has read this plea agreement;

    b.    he has given a copy of it to the defendant;

    c.    he has explained the ramifications of the plea agreement to the defendant's representative; and

    d.    he believes that the defendant's representative understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

28.  The defendant and its attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties.  Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change its plea to guilty.

Dated this ___18th___ day of September, 2006.


_Debra J. Drummond_
Debra J. Drummond, President
Arkansas Patient Transfer, Inc.

_Debra J. Drummond_
Debra J. Drummond, Secretary
Arkansas Patient Transfer, Inc.

_Mark F. Hampton_
Mark F. Hampton
Attorney for Defendant

ROBERT C. BALFE
UNITED STATES ATTORNEY

By:   _Claude S. Hawkins, Jr._

Claude S. Hawkins, Jr.
Assistant U.S. Attorney

-12-